IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-68,358-01






EX PARTE JIMMY TYRONE LOVE, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 22570-A (01) IN THE 42ND DISTRICT COURT


FROM TAYLOR COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of
the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte Young, 418
S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession of a firearm by a felon
and sentenced to twenty years' imprisonment. He did not appeal his conviction.

 Applicant contends that his trial counsel rendered ineffective assistance because counsel failed to
file pretrial motions as requested by Applicant, failed to interview and secure witnesses, and failed to visit
the crime scene. Applicant also contends counsel's deficiencies caused his plea to be unknowing and
involuntary.

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington, 466
U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact. The trial court shall
provide Applicant's trial counsel with the opportunity to respond to Applicant's claim of ineffective
assistance of counsel. The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07,
§ 3(d). 

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to
represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether the performance of Applicant's trial attorney
was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall
make additional findings of fact as to whether Applicant's guilty plea was entered knowingly and voluntarily. 
The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and
appropriate to the disposition of Applicant's claim for habeas corpus relief. Additionally, the trial court shall
forward any records regarding Applicant's guilty plea and the admonishments given prior to the acceptance
of the plea.

 This application will be held in abeyance until the trial court has resolved the fact issues. The issues
shall be resolved within 90 days of this order. If any continuances are granted, a copy of the order granting
the continuance shall be sent to this Court. A supplemental transcript containing all affidavits and
interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with
the trial court's supplemental findings of fact and conclusions of law, shall be returned to this Court within
120 days of the date of this order. Any extensions of time shall be obtained from this Court. 



Filed: October 17, 2007

Do not publish